UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL F. WILLIAMS,

              Plaintiff,

v.                                            Case No. 23-cv-1477-pp

MILWAUKEE COUNTY JAIL, *et al.*,

              Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Darnell F. Williams, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights when he was incarcerated at the Milwaukee County Jail. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 31, 2024, the court ordered the plaintiff was not required to pay an initial partial filing fee. Dkt. No. 10. The court gave the plaintiff an opportunity to voluntarily dismiss this case by February 21, 2024, which he did not do. Id. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff has sued the Milwaukee County Jail, Officers Grisby, Anthony and White, Lieutenants Spidell and Alexander and Captain Cunningham. Dkt. No. 1 at 1. He alleges that on September 28, 2023, his "phone pin" was blocked. Id. at 2. The plaintiff says that he asked every staff member why and they said, "if you['re] on discipline in 4D it's an in house rule." Id. He states that he could not contact his lawyer or family for four days.

3

Id. The plaintiff says that "DOC Handbook" and "MCJ Handbook" do not say that individuals on discipline get their phone blocked. Id.

The plaintiff alleges that on September 29, 2023, defendant Grisby put the plaintiff's restraint belt on with "major aggression." Id. The plaintiff allegedly asked Grisby to loosen the belt so he could shower; Grisby said he would not and that he was going to put a "wet shower belt" on the plaintiff. Id. The plaintiff states that he told Grisby that he was okay with that and Grisby responded, "You know what I'm going to show you how I get down." Id. Grisby allegedly started to pull the belt off aggressively and grabbed the plaintiff's right hand, which already was injured. Id. The plaintiff states that while squeezing his right hand, defendants Grisby and White aggressively grabbed, pushed and shoved him into a cell, closed the door and White pulled the belt as hard as they could through the cell slot causing the plaintiff "bodily harm blood everywhere on [his] arms." Id. The plaintiff allegedly yelled that he needed medical attention, but he was ignored. Id. He states that about an hour later, he saw an officer who got him medical attention and photos of the plaintiff's injuries were taken. Id. The plaintiff states that when he received medical attention, defendant Alexander tried to protect the officers. Id.

Next, the plaintiff alleges that on October 2, 2023, defendant Spidell retaliated against him by placing him in "ad-seg" because the plaintiff filed a grievance against him. Id. The plaintiff states that he felt suicidal about being placed in administrative segregation status. Id. Defendant Anthony allegedly was "on the scene" and the plaintiff asked officers to not let Anthony touch him

4

because Anthony had threatened the plaintiff the day before and because of how he treats incarcerated individuals. Id. The plaintiff states that the officers did not take heed and once the plaintiff was out of his cell, Anthony smashed the plaintiff's head against the cell and dragged him down the stairs causing bodily harm. Id. Anthony allegedly cuffed the plaintiff to a bench for hours and refused the plaintiff medical attention. Id.

The plaintiff alleges that he has been in 4D since September 27, 2023, and he was placed in cell 13 on October 2, 2023. Id. He states that he asked every officer in 4D for toilet articles, but he was denied. Id. The cells in 4D are allegedly caked with urine and feces and they smell bad. Id. The plaintiff says that that jail does not clean the cells or traps. Id. He states that the jail is in violation of DOC350.12. Id.

The plaintiff alleges that on September 27, 2023, he was placed on "ad-seg" for no legitimate reason. Id. Defendant Cunningham allegedly refused to speak with the plaintiff or give him paperwork telling him why he was on ad-segregation or for how long. Id. He states that Cunningham refused to respond to the plaintiff's grievances. Id. The plaintiff says he has not had a hearing and has been on disciplinary segregation for weeks. Id.

The plaintiff seeks injunctive relief and compensatory damages. Id. at 4.

C.   Analysis

The plaintiff cannot sue the Milwaukee County Jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County Jail is not a person—it is not

an individual subject to suit under §1983. It is true that under some circumstances, a plaintiff may sue a municipality—which is not a person—under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cnty. Jail, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department and under Wisconsin law, the sheriff's department is an arm of the county. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Milwaukee County Jail does not have the capacity to be sued, the plaintiff may not proceed against the jail.

While it is appropriate for a plaintiff to file several claims against the same defendant, a plaintiff cannot bring unrelated claims against different defendants in the same case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one

6

Case 2:23-cv-01477-PP   Filed 04/09/24   Page 6 of 10   Document 11

case "is limited to claims arising from the same transaction or series of related transactions").

The plaintiff's complaint violates Rules 18 and 20 because it attempts to bring unrelated claims against multiple defendants. It appears that the plaintiff attempts to raise (1) a First Amendment claim based on his phone being blocked for four days; (2) an excessive force claim against defendants Grisby and White based on the event alleged to have taken placed on September 29, 2023; (3) a retaliation claim against defendant Spidell and related excessive force and denial of medical attention claims against defendant Anthony; (4) a conditions of confinement claim based on the conditions of the cells in Unit 4D; and (5) a due process claim against defendant Cunningham for allegedly placing the plaintiff in disciplinary segregation without a hearing.

The court will allow the plaintiff to decide which one of these claims he would like to proceed upon in this case. If, by the deadline the court sets below, the plaintiff does not either file an amended complaint pursuing *one* of the several claims he alleged or ask for more time to do so, the court will choose which claim to allow the plaintiff to pursue (likely an excessive force claim against defendants Grisby and White) and will dismiss the improperly joined claims/defendants.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended

complaint. He should use the spaces on pages two and three to explain the key facts supporting the claim he wishes to bring, and to describe which defendants he believes committed the violations that relate to that claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or the defendants back to facts in the previous complaint. If the plaintiff files an amended complaint in time for the court to receive it by the deadline listed below, the court will screen it under 28 U.S.C. §1915A.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive* it by the end of the day on **May 10, 2024**. If the court receives an amended complaint by the end of the day on May 10, 2024, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the deadline, the court will allow the plaintiff to proceed only on excessive claims against defendants Grisby and White.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 9th day of April, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**