UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DARNELL F. WILLIAMS,

              Plaintiff,

v.                                                         Case No. 23-cv-1477-pp

WILLIE GRISBY, *et al.*,

              Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 25)**

---

      Plaintiff Darnell F. Williams, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed this case alleging that the defendants violated his constitutional rights when he was confined at the Milwaukee County Jail. The court screened the complaint and allowed the plaintiff to proceed on a claim that defendants Officers Grisby and White used excessive force against him on September 29, 2023. Dkt. No. 14 at 1-2. On October 28, 2024, the defendants filed a motion for summary judgment for failure to exhaust administrative remedies. Dkt. No. 19. The court ordered that the plaintiff must respond to the motion by November 27, 2024. Dkt. No. 24. On November 8, 2024, the plaintiff filed a motion to appoint counsel. Dkt. No. 25.

      In support of his motion to appoint counsel, the plaintiff states that he is "coherent to that case," cannot afford a lawyer and is on "heavy medication." Dkt. No. 25. The plaintiff also says that he has exhausted all remedies and that

1

this case has become too complex for him to handle on his own. Id. In addition, he states that he has contacted five lawyers or law firms to find a lawyer and he lists their names and phone numbers. Id. at 1-2. The plaintiff attached several documents to his motion. One document states that his mirtazapine[1] medication has been discontinued and that he has been prescribed diphenhydramine[2]. Dkt. No. 25-1 at 2.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-

---

[1] Mirtazipine is an antidepressant. See medlineplus.gov/druginfo/meds/a697009.html.

[2] Diphenhydramine is used to relieve red, irritated, itchy, watery eyes; sneezing; and runny nose caused by hay fever, allergies, or the common cold. See medlineplus.gov/druginfo/meds/a682539.html.

2

Case 2:23-cv-01477-PP    Filed 11/27/24    Page 2 of 5    Document 26

55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience,

3

intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has made a reasonable attempt to find a lawyer on his own. He has satisfied the first requirement for recruitment of counsel. However, the plaintiff's filings show that he can proceed on his own at this stage. He has drafted a complaint describing the details of his allegations against the defendants, which shows that he has a very good understanding of his claim. The motions the plaintiff has filed show that he can communicate with the court and advocate for himself. At this stage of the case, the plaintiff must only respond to the defendants' motion for summary judgment on exhaustion grounds. The court's October 29, 2024 order gave the plaintiff information about how he should respond to the motion. The court has no reason to believe that the plaintiff cannot respond to the defendants' motion. The current deadline for him to respond is November 27, 2024. The court will extend that deadline as stated below. Based on these considerations, the court will deny without prejudice the plaintiff's motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 25.

The court **ORDERS** that the deadline for the plaintiff to respond to the defendants' motion for summary judgment on exhaustion grounds is **EXTENDED** until the end of the day on **December 30, 2024**.

Dated in Milwaukee, Wisconsin this 27th day of November, 2024.

        **BY THE COURT:**

        **HON. PAMELA PEPPER**
        **Chief United States District Judge**